**INGLE LAW FIRM**
111 West Monroe Street, Suite 716
Phoenix, Arizona 850003
Telephone: (602) 615-8395
Facsimile: (602) 926-2753
Christopher B. Ingle – State Bar No. 025553
German Yusufov – State Bar No. 023544
cingle@inglelawfirm.net
gyusufov@inglelawfirm.net
courtdocs@inglelawfirm.net
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RASTRA INC., a Florida corporation, | Case No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| KARL HOLIK, an individual; ELFRIEDE FOBER, an individual; RASTRA FOUNDATION LTD., an entity of unknown origin; RASTRA INTERNATIONAL, INC., a Florida corporation; RASTRA BAUSYSTEM GBR, a foreign corporation; and rastra.com, an internet domain, | |
| Defendants. | |

Plaintiff Rastra Inc. ("Rastra"), by and through undersigned counsel, and

for its Complaint against Defendants Karl Holik ("Holik"), Elfriede Fober

1

("Fober"), Rastra Foundation, Ltd. ("RFL"), Rastra International, Inc. ("RII"), Rastra Bausystem GBR ("RBG") (collectively, "Defendants"), and the internet domain rastra.com, alleges as follows:

1.      This is a civil action seeking monetary damages and injunctive relief for breach of contract, unfair competition, tortious interference with contractual relations, defamation, specific performance, and various acts of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1501 *et seq.*, and related state law claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1121 (trademark), 15 U.S.C. § 1125(d)(4) (anti-cybersquatting), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332(a) (diversity), and 28 U.S.C. 1338 (pendant jurisdiction). Rastra and Defendants are citizens of different states or countries, and the amount in controversy exceeds the jurisdictional minimum.

3.      Venue in this District is proper under 15 U.S.C. § 1125(d)(2)(A) and (C), and 28 U.S.C. §§ 1391(b) and (c). A substantial part of the acts at issue occurred in this District, Defendants are subject to personal jurisdiction in this District, and the internet domain rastra.com is subject to *in rem* jurisdiction in this District.

4.      Personal jurisdiction in this District is proper because each Defendant engaged in unlawful acts within the District of Arizona, and/or intentionally directed tortious conduct at Plaintiff knowing such conduct would cause harm within this District.

5.      *In rem* jurisdiction is appropriate as to the internet domain rastra.com because internet domains reside where their registrar is located, and rastra.com was registered by non-party GoDaddy.com, Inc., which is in Scottsdale, Arizona, and is therefore within the jurisdictional limits of this Court.

6.      Rastra Inc is a Florida corporation doing business throughout the country, including within the State of Arizona.

7.      Upon information and belief, Holik is a resident of the country of Austria, and caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, Holik also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.  Such contacts include residing in Arizona for several years, operating companies in Arizona, doing business in Arizona, and litigating multiple lawsuits in Arizona.

8.      Upon information and belief, Fober is a resident of the country of Austria, is an associate of Holik, and participated in and caused the events herein

described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, Fober also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.  Such contacts include residing in Arizona for several years, doing business in Arizona, and litigating multiple lawsuits in Arizona.

9.     Upon information and belief, RFL is an entity of unknown origin, controlled by Holik, which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, RFL also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

10.     Upon information and belief, RII is a Florida corporation controlled by Holik, which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, RII also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

11.     Upon information and belief, RBG is a German company controlled by or associated with Holik, which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona.

12.     Defendant rastra.com is an internet domain name.

## GENERAL ALLEGATIONS

13.     Rastra is the exclusive manufacturer and distributor of the "Rastra building system" in the United States.

14.     The Rastra building system consists of construction products, including modular concrete blocks, bricks, posts and other preformed parts, and related installation accessories.  The Rastra building system products have been in production for over 30 years, and have undergone extensive structural engineering testing. Due to the unique qualities of the Rastra building system products, including light weight and durability, the Rastra products are used widely in construction, and are specifically identified by and associated with the trademark "RASTRA."

15.     On or about June 1, 2015, Rastra entered into a contract with the entities having control and ownership of the Rastra building system, including Holik, Fober, and RBG, for the exclusive right to manufacture and sell the Rastra building system in the United States, a non-exclusive right to manufacture and sell the Rastra building system throughout the world, and the right to the use of

the RASTRA trademark (the "Purchase Contract").  The purchase included the exclusive use of the trademarks and trade names associated with the Rastra products, including all rights to the trademark "RASTRA."  The purchase also included the exclusive control and use of all domain names and websites associated with the sale of Rastra products in the United States, including the domain name rastra.com, and the website associated with that domain.

16.    In addition, the Purchase Contract specifically provided that the individual Defendants and their controlled entities "will cause the information service request section of the rastra.com website to be redirected" to Rastra.  The information service request section is that part of the website that allows customers and visitors to the website to communicate with Rastra through the website.

17.    Holik controlled all entities that owned or had rights in the Rastra building system, and executed the Purchase Agreement on behalf of all such entities, as well as on his own behalf, granting Rastra the rights described above.

18.    Fober executed the Purchase Agreement on her own behalf granting Rastra whatever rights she may have had in the Rastra building system.

19.    RBG executed the Purchase Agreement, thereby granting Rastra whatever rights it may have had in the Rastra building system.

20.     Upon completion of the sale, Rastra proceeded to market and sell Rastra products in the United States.  Rastra has expended significant time and money developing a client base and obtaining new orders for the Rastra products.

21.     Unknown to Rastra at the time the Purchase Contract was executed, Holik and Fober have a history of defrauding customers who purchased Rastra product.  Holik and Fober have multiple judgments against them, often for breach of contract and/or fraud, and Holik recently entered into a settlement agreement with the Arizona Attorney General regarding the multiple people who filed fraud complaints against him.

## DEFENDANTS' INTERFERENCE WITH RASTRA'S BUSINESS

22.     Shortly after the consummation of the purchase of the Rastra building systems by Rastra, Defendants began to interfere with Rastra's business operations.  Upon information and belief, Fober participated in and facilitated all of Holik's acts described below.

23.     Holik refused to turn over control of the rastra.com website to Rastra, in direct violation of the Purchase Contract.

24.     Although the information service request section of rastra.com was initially redirected to Rastra as required by the Purchase Contract, subsequently, and unbeknownst to Rastra, Holik redirected it back to himself.  As the result, Rastra was no longer receiving, or even aware of, the communications through

the website, including communications from customers about existing orders and inquiries from potential customers about new orders.

25.     These actions by Holik caused significant damage to Rastra, both in terms of lost revenue, and in terms to the negative impact on Rastra's reputation.

26.      Using the customer contact information Holik apparently collected from his illegal seizure of the information service request section of rastra.com, and Rastra's personal emails as well as corporate files, Holik then proceeded to contact Rastra's customers by email.  In these communications, Holik asserted that he was acting on behalf of RLF and RFI.

27.     Holik's emails to Rastra's customers made a number of false allegations, including:

    a.     That Rastra is not allowed to sell Rastra products outside the United States;

    b.     That there had been "problems" with Rastra and that the agreement with Rastra was terminated on March 6, 2017;

    c.     That Rastra's principal, Russell Ferry, "recklessly and repeatedly violated" the Purchase Agreement and "laws";

    d.     Implying that Rastra was no longer operating by claiming that the customers' correspondence was found while "cleaning up Rastra Inc.'s files."

28.   Holik's emails then asked Rastra's customers to contact him "to continue the conversation" and to provide him the information on their projects.

29.   Defendants have also modified the rastra.com website to falsely state that Rastra "has lost its license and rights to sell, promote, or get otherwise involved with Rastra products or use of Rastra's knowhow.  Reason [sic] for the termination were repeated and serious violations of the License Agreement and Patent/Trademark laws."

30.   In short, Defendants are openly attempting to steal Rastra's customers while at the same time denigrating and disparaging Rastra, in direct violation of the terms of the Purchase Contract.

## COUNT ONE

### (Breach of Contract)

31.   Rastra incorporates by reference each and every allegation set forth in this Complaint as though fully set forth below.

32.   This count is brought against Holik, Fober, and RBG.

33.   The Purchase Contract is a valid and enforceable contract binding on Holik, Fober, and RBG.

34.   Under the contract, Holik, Fober, and RBG were required to turn over control of the rastra.com website to Rastra, and to give Rastra control of the information service request section of the website.

35.     Holik, Fober, and RBG breached the contract by failing to give Rastra control, and by hijacking the communications between Rastra and its customers that were made through the website, personal emails and Corporate files.

36.     Under the contract, Holik, Fober, and RBG were also required not to compete with Rastra's business operations.

37.     Holik, Fober, and RBG breached the contract by communicating with Rastra's customers, by making false and defamatory statements about Rastra, its business operations, and its principal, and by attempting to have the customers abandon Rastra and hire Defendants.

38.     Rastra has been damaged as a direct and proximate result of Holik, Fober, and RBG's breaches in an amount to be determined at trial.

39.     Because damages are inadequate to fully compensate Rastra, Rastra is also entitled to injunctive relief.

**COUNT TWO**

**(Tortious Interference with Business Relationship)**

40.     Rastra incorporates by reference each and every allegation set forth in this Complaint as though fully set forth below.

41.     This count is brought against all Defendants.

42.     Rastra had a valid contract or business expectancy with each one of the customers (1) whose communications through rastra.com were hijacked by Defendants, (2) who were contacted by Defendants through email or other correspondence, or (3) who visited the rastra.com website.

43.     Defendants were aware of such contracts or business expectancy.

44.     Defendants intentionally interfered with the contracts or business expectancy by intercepting communications from such customers, by posting false and defamatory information on the rastra.com website, and by contacting the customers with the false and defamatory allegations about Rastra, its operations, and its principal.

45.     Defendants' intentional interference caused a breach of the contract or business expectancy in the case of multiple customers.

46.     Rastra has been damaged as a direct and proximate result of Defendants' actions in an amount to be determined at trial.

47.     Because damages are inadequate to fully compensate Rastra, Rastra is also entitled to injunctive relief.

**COUNT THREE**

**(Defamation)**

48.     Rastra incorporates by reference each and every allegation set forth in this Complaint as though fully set forth below.

49.     This count is brought against all Defendants.

50.     The emails and other communications sent by Defendants to Rastra's customers, as well as the information posted on the rastra.com website, contained false and defamatory statements, as described above.

51.     Defendants acted with actual malice and knew when sending out the emails and other communications, and when posting information on the rastra.com website, that the statements contained in them were false and defamatory.   Defendants sent out the emails and posted information on the website in a purposeful attempt to damage Rastra's good name, reputation, and business.  In the alternative, Defendants acted with a reckless disregard for whether the statements were false and defamatory. In the alternative, Defendants acted with a negligent disregard for whether the statements were false and defamatory.

52.     Defendants' emails, website postings, and other similar communications have harmed, and are continuing to harm, Rastra's good name, reputation, and business.

53.     Upon information and belief, Defendants' emails, postings, and other communications deter third persons from associating or dealing with Rastra.

54.     Upon information and belief, Defendants' emails, postings, and other communications have impeached Rastra's honesty, integrity, virtue, and reputation.

55.     Defendants' emails, postings, and other communications have caused economic damages to Rastra in the form of lost business volume and/or lost income in an amount to be proved at trial.

56.     Because damages are inadequate to fully compensate Rastra, Rastra is also entitled to injunctive relief

**COUNT FOUR**

**(Specific Performance)**

57.     Rastra incorporates by reference each and every allegation set forth in all paragraphs as though fully set forth below.

58.     This count is brought against Holik, Fober, and RBG.

59.     The Purchase Contract is a valid and enforceable contract binding on Holik, Fober, and RBG.

60.     Under the contract, Holik, Fober, and RBG were required to turn over control of the rastra.com website to Rastra, and to give Rastra control of the information service request section of the website.

61.     Holik, Fober, and RBG breached the contract by failing to give Rastra control, by posting defamatory information on the website, and by

hijacking the communications between Rastra and its customers that were made through the website.

62.     Any damages that may be awarded for the breach would not adequately protect Rastra's expectation interest.

63.     Rastra is entitled to an order requiring Holik, Fober, and RBG to provide specific performance under the terms of the Purchase Contract, including requiring Holik, Fober, and RBG to transfer all control over the domain name and website rastra.com, including information service request section of the website, to Rastra.

64.     The Internet Corporation for Assigned Names and Numbers ("ICANN") is the entity that controls who is registered as the owner of a particular internet domain.

65.     ICANN has a program known as the Uniform Domain Name Resolution Policy, in which it resolves disputes over the ownership of a particular internet domain.

66.     Section 3.b of the Uniform Domain Name Resolution Policy provides that a claimant may invoke the Uniform Domain Name Resolution Policy to compel a transfer of an internet domain, upon receipt of "an order from a court … requiring such action."

14

67.     Rastra is entitled to an order from this Court compelling the transfer of the internet domain rastra.com from Defendants to Rastra.

## COUNT FIVE

### Trademark Infringement – 15 U.S.C. § 1114

68.     Rastra incorporates by reference each and every allegation set forth in all paragraphs as though fully set forth below.

69.     This count is brought against all Defendants.

70.     RASTRA is a valid, protectable trademark to which Rastra owns all rights.

71.     Defendants used Rastra's mark, or marks confusingly similar thereto, without the consent of Rastra in a manner that is likely to cause confusion among ordinary consumers as to the source of the goods and services offered by Rastra and Defendants.

## COUNT SIX

### Unfair Competition/Initial Interest Confusion

### Trademark Infringement – 15 U.S.C. § 1114

72.     Rastra incorporates by reference each and every allegation set forth in all paragraphs as though fully set forth below.

73.     This count is brought against all Defendants.

74.    RASTRA is a valid, protectable trademark to which Rastra owns all rights.

75.    By using the RASTRA mark in its content and communications, Defendants used Rastra's trademark without Rastra's permission in a manner calculated to capture initial consumer attention and to direct such attention to Defendants at the expense of customers looking for Rastra.

76.    Defendants' conduct constitutes unfair competition and initial interest confusion in violation of Rastra's rights under the Lanham Act and under common law.

**COUNT SEVEN**

**Fraudulent Transfer**

77.    Rastra incorporates by reference each and every allegation set forth in all paragraphs as though fully set forth below.

78.    This count is brought against all Defendants.

79.    Shortly before the commencement of this action, Defendants transferred registration of the ownership of the domain rastra.com to Defendants. This transfer was made solely for the purpose of hindering, delaying, and defrauding Rastra in violation of A.R.S. § 44-1004(A)(1).

80.    Pursuant to A.R.S. § 44-1007, Rastra is entitled to garnishment against Defendants and/or any future transferee of the domain name rastra.com,

and to an order avoiding and nullifying any subsequent fraudulent transfers of the

domain rastra.com.

## COUNT EIGHT

### Violation of 15 U.S.C. § 1125(d)(2)(A) – Anti-cybersquatting

81.     Rastra incorporates by reference each and every allegation set forth

in all paragraphs as though fully set forth below.

82.     This count is brought against rastra.com.

83.     In the event that Rastra cannot obtain *in personam* jurisdiction over

Defendants, or cannot locate Defendants, Rastra asserts an *in rem* action against

the internet domain name rastra.com.

84.     Non-party GoDaddy.com, Inc., was the registrar of the internet

domain rastra.com.  GoDaddy.com, Inc. is an Arizona corporation with its

principal place of business in Scottsdale, Arizona.

85.     Rastra.com is confusingly similar to Rastra's trademark RASTRA,

and violates Rastra's rights to the mark RASTRA.

**WHEREFORE**, Rastra requests that judgment be entered in its favor and

against Defendants as follows:

A.     General, nominal, and special damages in an amount to be

        determined at trial;

B.     Exemplary and/or punitive damages in an amount to be determined at trial;

C.     Statutory damages pursuant to 15 U.S.C. § 1117;

D.     Injunctive relief precluding Defendants from violating the Purchase Contract or interfering with Rastra's business operations;

E.     Specific performance of the Purchase Contract;

F.     Pursuant to 15 U.S.C. § 1116, an injunction preventing Defendants from using the internet domain rastra.com.

G.     Pursuant to 15 U.S.C. § 1117(a), Defendants' profits;

H.     Pursuant to 15 U.S.C. § 1117(d), in lieu of actual damages for Count Eight (anti-cybersquatting), statutory damages of not less than $1,000.00 and not more than $100,000.00 per domain name;

I.     Pursuant to 15 U.S.C. § 1118, confiscation and destruction of all infringing material in Defendants' possession;

J.     Pursuant to 15 U.S.C. §§ 1125(d)(1)(C) and 1125(d)(2)(D)(i), forfeiture of the internet domain rastra.com;

K.     For an order that satisfies the requirements of Section 3.b of ICANN's Uniform Domain Name Resolution Policy requiring Defendants to transfer all control over the domain name and website

rastra.com, including information service request section of the website, to Rastra;

L.    Pursuant to A.R.S. § 44-1007(A)(1), an order providing Rastra is entitled to garnishment against Defendants and/or any future transferee of the domain rastra.com;

M.    Pursuant to A.R.S. § 44-1007(A)(1), and order avoiding and nullifying any subsequent fraudulent transfers of the domain rastra.com;

N.    Pre-judgment interest on all liquidated sums, awarded at the maximum legal rate;

O.    Plaintiff's costs pursuant to the Purchase Contract, 15 U.S.C. § 1117(a), and/or A.R.S. § 12-341;

P.    Plaintiff's attorneys' fees pursuant to the Purchase Contract, 15 U.S.C. § 1117(a), and/or A.R.S. § 12-341.01;

Q.    Interest upon Rastra's unliquidated damages, costs, and attorneys' fees at the maximum rate allowed by law; and

R.    Such other and further relief as the Court deems just and proper.

**DATED** this 6th day of April, 2017.

**INGLE LAW FIRM**

By: /s/ *Christopher B. Ingle*

Christopher B. Ingle
German Yusufov
*Attorneys for Plaintiff*

**VERIFICATION**

State of ~~Arizona~~ Florida          )
                                       ) ss.
County of ~~Maricopa~~ Orange          )

        I, Russell Ferry, hereby verify under penalty of perjury that I am the President of

Rastra Inc., the Plaintiff in the above-captioned case, and as such am authorized to make

this Verification in its behalf.  I have read the foregoing Complaint and the statements

contained therein are true and correct to the best of my knowledge and belief.

Signed: _____          Date: April 1, 2017
                Russell Ferry

        Subscribed and sworn to before me this _5_ day of April, 2017.

                                        _____
                                        Notary Public

My Commission Expires:

_Aug 8, 2018_

MARY KAY EARLES
MY COMMISSION # FF 148791
EXPIRES: August 6, 2018
Bonded Thru Budget Notary Services

17